FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT COURT OF OHIO
### EASTERN DIVISION
#### CLEVELAND, OHIO

2014 FEB 13 PM 3: 53

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| Ronnie Moore<br>c/o 18605 Harlan Drive<br>Maple Heights, Ohio<br>44137<br>Plaintiff<br>Vs. | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Anchor Medical Staffing Inc.<br>14119 Lorain Ave.<br>Cleveland, Ohio<br>44111 | )<br>)<br>)<br>)<br>) |
| Ohio Board of Nursing<br>17 South High Street, Suite #400<br>Columbus, Ohio<br>43215-7410<br>Defendants | )<br>)<br>)<br>)<br>)<br>) |

1: 14 CV 314

JUDGE GAUGHAN

CIVIL COMPLAINT
AND TORT CLAIM

MAG. JUDGE BAUGHMAN

IN ADMIRALTY

## CIVIL COMPLAINT

I, **Ronnie Moore**, "Plaintiff" hereby petitions this Honorable District Court for a 'Cause of Action' against ANCHOR MEDICAL STAFFING INC. and OHIO BOARD OF NURSINGwith enclosures herein identifiable to this Honorable District Court demonstrating that Plaintiff has exhausted his 'Administrative Due Process' as evidenced with 'Authenticated Documents' as received by named Defendants' in this matter. Named Defendants in this instant matter have been provided sufficient time to rebut claims as defined and provided to Defendant, ANCHOR MEDICAL STAFFING INC., by named Plaintiff referencing clearly established law. Named Defendant has '**Defaulted**' to answer claims therein and thereby has forfeited under the Rules of ESTOPPEL.OHIO BOARD of NURSING is a co-defendant in this matter if the necessity arises to state specific violations of responsible and liable Agent party, Stephanie Bates, employee, for ANCHOR MEDICAL STAFFING INC.

This Civil Complaint and Tort Claim is a direct result from'Breach of Duty' contingent upon documented, well-informed, advisable and foreseeable outcomes as related to ANCHOR MEDICAL STAFFING INC., and OHIO BOARD OF NURSING stemming from said employees outrageous misconduct. In light of Health Care Licensure Violations, Contract Laws, Negligence, Breach of Duty, and Liability, the applicability of this Cause of Action fall under the 'Respondeat Superior Doctrine' as identified in Tort Laws.

I, **Ronnie Moore**, "Plaintiff" asseverate that damages insulted to Plaintiff as an Independent Contractor causative from a direct and proximate result of Tortuous Interference of beneficial and advantageous HealthCareorders for continuity of care with intentional disturbance and destruction of Business

relationship to and with named client known by all parties; as a direct result of Libel Slander and Defamation from aforesaid parties and employee, Stephanie Bates, RN.Let the record reflect the substance and elements of Plaintiff's International Commercial Claim, Notice of Fault, Opportunity to Cure, Affidavit in Support of all claims, followed by 'Notice of Default' and 'Certificate of Non-Response'as exhaustion of Plaintiff's 'Administrative Due Process' along with 'Sufficiency of Service of Process' pursuant to Federal Rules of Civil Procedures (FRCP) under applicable laws and rules.

Further, I, Ronnie Moore asseverate the reliance under the Supplemental Rules of Admiralty declaring the evidence of Judgment in Estoppel is under fair and judiciary discretion of this Honorable District Court to render 'Remedy at Law' for Money Damages without the avoidance of trespass on Estoppel as declared under 'Certification of Non-Response' by 'Default' backed by Notary's Powers and Jurisdiction, pursuant to Section 147.07.

## ORDER

Given the exhaustion of Administrative Due Process and the confirmation of Certificate of Non-Response and Notice of Default evidenced herein as attachments, and exhibits to the same as received by named Defendant having extended time frames as an opportunity to rebut and answer complaints, verification of witnesses, Plaintiff claims stipulated in Affidavit, or dispute the merits thereon, the United States District Court, Eastern Division of Ohio ought to render judgment on behalf of Plaintiff, Ronnie Moore, in light of the above facts in this matter and pursuant to FRCP, Rule 55(a)(1), "Judgment by Default", Plaintiff, Ronnie Moore, is lawfully entitled to Four-hundred and Fifty-nine thousand dollars ($459,000) of "projected income" given the average monthly salary of $12,750.00 merged with the quality of life of known patient, and the continuation of care from physician orders per house visits and assessments and identification of implemented respiratory protocols per named Plaintiff, Ronnie Moore as agreed in 'contractual agreement' with client and the average 'House Staff' tenures noted at a minimum of three (3) years rendering healthcare to named Patient, William B. Risman. Plaintiff further requests this Honorable District court to write an order to named Defendant to produce the source of Insurance Company who holds their Public Hazard Bond and Insurance Claims Adjuster to satisfy this claim for Damages and Losses.

I, Ronnie Moore, "Plaintiff" asseverate that the facts enumerated herein are set forth in good faith with clean hands under the Clean Hands Doctrine and the aforementioned facts are true, correct and not misleading.

_____                                    2/13/2014
Ronnie Moore, Plaintiff                                                              date