UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RONNIE MOORE, ) | CASE NO. 1:14 CV 314 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ANCHOR MEDICAL STAFFING, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

Plaintiff *pro se* Ronnie Moore filed this *in forma pauperis* action on February 13, 2014 against Anchor Medical Staffing, Inc. and the Ohio Board of Nursing. On February 27, 2014, Plaintiff filed an "Amended Civil Complaint, Tort Claim, Notice of Distress, and Judgment in Estoppel." (ECF Doc # 4.) The Amended Complaint does not set forth comprehensible allegations against either Defendant, nor does it indicate the basis for this Court's jurisdiction. Defendants have both filed Motions to Dismiss for Failure to State a Claim. (ECF Doc ## 8 and 10). Plaintiff has not filed anything in direct opposition to those motions, but did file a Motion to Show Cause for Delayed Court Rulings for Summary Judgment and Collateral Estoppel on April 4, 2014. (ECF Doc # 12).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th

---
[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that

Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it simply does not contain allegations reasonably suggesting he might have a valid federal claim against these Defendants. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                   /s/ Patricia A. Gaughan
                                                   PATRICIA A. GAUGHAN
                                                   UNITED STATES DISTRICT JUDGE

Dated: 4/23/14

---

   it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).